[Cite as *State v. Terrill*, 2026-Ohio-2484.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

LISA M. TERRILL

    Appellant

C.A. No.      31686

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR-2025-04-0995-A

DECISION AND JOURNAL ENTRY

Dated: June 30, 2026

HENSAL, Judge.

{¶1} Lisa Terrill appeals an order of the Summit County Court of Common Pleas that denied a motion to suppress. This Court affirms.

I.

{¶2} On March 27, 2025, a Tallmadge Police Officer stopped a vehicle that did not have a working license plate light. Ms. Terrill was the passenger in the vehicle. The driver provided the officer with an out-of-state identification card and told him that she did not have a valid driver's license. The officer went to his cruiser to verify her license status and check the vehicle registration, which took several minutes. At that point, the officer separated the driver and Ms. Terrill in two police cruisers so that he could prepare a citation. When he asked Ms. Terrill if there was any contraband in the car, he observed a change in her demeanor and requested a K9 unit to perform a sniff of the vehicle. While the officer was writing the citation, but before the K9 unit arrived, the driver told him that there were drugs in the vehicle. The K9 alerted to the vehicle, and

the officers conducted a search, which led to the discovery of drugs in a backpack as well as drugs and drug paraphernalia in a purse.

{¶3} Ms. Terrill was indicted on charges of aggravated possession of methamphetamine and possession of a fentanyl-related compound. She moved to suppress the evidence that was gained as a result of the stop. The trial court denied the motion, concluding that the decision to request a K9 unit did not extend the time of the stop and that Ms. Terrill could not challenge the seizure of evidence from her purse based on the officer's failure to give *Miranda* warnings to the driver. Ms. Terrill pleaded no contest, and the trial court sentenced her to one year of community control. She appealed, and her two assignments of error are addressed in reverse order for ease of disposition.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS WHERE LAW ENFORCEMENT USED A STATEMENT OBTAINED DURING CUSTODIAL INTERROGATION WITHOUT *MIRANDA* WARNINGS TO JUSTIFY CONTINUED DETENTION AND A WARRANTLESS SEARCH, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶4} Ms. Terrill's second assignment of error argues that the trial court erred by denying her motion to suppress because the driver's custodial statements were made without *Miranda* warnings. This Court does not agree.

{¶5} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court

has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997).

{¶6} Ms. Terrill agrees with the trial court's finding that "the conversation between [the driver] and the officers while she [was] [in] the back of [the cruiser] [was] done without [the driver] being informed of her constitutional right not to speak to the police." The trial court concluded that although a passenger has standing to challenge the constitutionality of a traffic stop, the right to refrain from self-incrimination is a personal right that can only be raised by the party whose rights were violated. Ms. Terrill has not developed an argument explaining why the trial court's conclusion was incorrect, and this Court declines to construct one on her behalf. *See State v. Tighe*, 2016-Ohio-7031, ¶ 22 (9th Dist.). Ms. Terrill's second assignment of error is overruled.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS WHERE LAW ENFORCEMENT UNCONSTITUTIONALLY PROLONGED THE TRAFFIC STOP TO CONDUCT A K9 SEARCH WITHOUT REASONABLE, ARTICULABLE SUSPICION, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶7} In her first assignment of error, Ms. Terrill argues that the trial court erred by denying her motion to suppress because the officer extended the length of the stop to request a K9 unit. This Court does not agree.

{¶8} The duration of a traffic stop is determined by the purpose for which it was initiated, and a stop may not last longer than is necessary to accomplish that purpose. *Rodriguez v. United*

*States*, 575 U.S. 348, 354 (2015). An officer may detain a motorist for a traffic violation for an amount of time that is sufficient to issue a ticket or warning, including time spent checking the motorist's driver's license, registration, and license plates. *State v. Batchili*, 2007-Ohio-2204, ¶ 12, quoting *State v. Howard*, 2006-Ohio-5656, ¶ 15 (12th Dist.). When determining whether the amount of time spent on these tasks was reasonable, courts must consider the duration of the stop with reference to the totality of the circumstances. *Id.*, quoting *State v. Carlson*, 102 Ohio App.3d 585, 598-599 (9th Dist. 1995). This includes whether the officer "pursued [the] investigation in a diligent and reasonable manner." *United States v. Sharpe*, 470 U.S. 675, 687 (1985).

{¶9} "If a traffic stop is justified, and does not last any longer than necessary to effectuate the original purpose of the stop, a law enforcement official may simultaneously conduct a K-9 sniff of the exterior of the vehicle without any additional reasonable, articulable suspicion of criminal activity." *State v. Hays*, 2021-Ohio-2393, ¶ 8 (9th Dist.), quoting *State v. Reid*, 2013-Ohio-4274, ¶ 8 (9th Dist.). An officer may not, however, prolong a stop for the purpose of a K-9 sniff without reasonable suspicion that justifies doing so. *Rodriguez* at 355, 357.

{¶10} Ms. Terrill has not challenged the trial court's findings of fact. The trial court found that the officer initiated the traffic stop at 8:08 p.m. and returned to his cruiser with the driver's out-of-state identification card at 8:10 p.m. For the next six minutes, the officer attempted to verify whether the driver had a valid driver's license. The trial court found that at 8:16 p.m., the officer returned to the vehicle and placed Ms. Terrill in the back of another cruiser. When the officer asked her whether there was contraband in the car at 8:19 p.m., he observed a change in Ms. Terrill's demeanor. The trial court found that the officer requested a K9 unit at that point then began writing a citation for the driver. While doing so, however, both officers had a conversation with the driver, who at that point admitted that there were drugs in the vehicle. The trial court

found that the K9 unit arrived at 8:32 p.m., twenty-four minutes after the stop was initiated and approximately eleven minutes after the driver admitted that there were drugs in the vehicle.

{¶11} The trial court concluded that the delay that occurred while the officer spoke with the driver and Ms. Terrill and verified the driver's license status was reasonable. Ms. Terrill challenges this conclusion, arguing that the purpose of the stop was accomplished when the officer "verified [the driver] lacked a valid license, Terrill had one, and the car was properly registered." A detention may continue, however, while an officer completes the tasks that are necessary to issue a citation. *See Batchili*, 2007-Ohio-2204, at ¶ 12. The trial court also concluded that once the driver admitted that there were drugs in the vehicle, the officers had probable cause to conduct a warrantless search on that basis and "the delay caused by the Tallmadge police officers having to get a canine unit . . . was not an extension of the original traffic stop." A traffic stop may continue beyond its normal timeframe for a K9 search "when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop." *Id.* at ¶ 15. Ms. Terrill has not argued that the officers failed to pursue their investigation with diligence and reasonableness. *See Sharpe*, 470 U.S. at 687. She has also not challenged the trial court's conclusion that the driver's admission justified extension of the stop to include the K9 sniff. *See Batchili* at ¶ 15.

{¶12} The trial court did not err by denying the motion to suppress. Ms. Terrill's first assignment of error is overruled.

III.

{¶13} Ms. Terrill's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ROSEL C. HURLEY III, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.